UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AMY SPICER,

    Plaintiff,

v.                                      Case No.:

BIGTOP BINGO INC.; TRACY
GOODSON, individually and d/b/a
BIGTOP BINGO; 93 HOOD
CHARITABLE GROUP,
INC. IRREVOCABLE TRUST.;
RONALD D. STROBO, individually
and d/b/a GOLDMINE BINGO;
W. D. BASS & COMPANY, P.A.;
WILLIAM PERRY; and 5147
DOGWOOD CHARITABLE
GROUP, INC. IRREVOCABLE
TRUST,

    Defendants.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Amy Spicer, by and through her undersigned counsel, and hereby files this Initial Complaint against defendants, Bigtop Bingo Inc.; Tracy Goodson, individually d/b/a Bigtop Bingo; 93 Hood Charitable Group, Inc. Irrevocable Trust; Ronald D. Strobo, individually and d/b/a Goldmine Bingo; W. D. Bass & Company, P.A.; William Perry; 5147 Dogwood Charitable Group, Inc. Irrevocable Trust, and alleges:

## *I. Jurisdiction and Venue*

1. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq.*

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendants have an office and operate in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendants are subject to personal jurisdiction in this district.

## *II. Parties*

3. At all times relevant hereto, plaintiff, Amy Spicer, worked at a bingo establishment owned, operated, and/or controlled by one or more of the defendants.

4. At times relevant hereto, defendant Bigtop Bingo Inc. employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

5. Defendant Bigtop Bingo Inc. is subject to, and not exempt from, the provisions of the FLSA.

6. Defendant Tracy Goodson was at times relevant hereto an officer in and owner of both Bigtop Bingo Inc., exercised control over Bigtop Bingo Inc.'s operations, and played a substantial role in determining the compensation of plaintiff in her employment with Bigtop Bingo Inc.  Additionally, Tracy Goodson allowed Bigtop Bingo Inc. to become administratively dissolved in or around 2016, and he continued to operate Bigtop Bingo individually.

7. Defendant Tracy Goodson is subject to, and not exempt from, the provisions of the FLSA.

8. Defendant Ronald D. Strobo was at times relevant hereto an owner of Goldmine Bingo, exercised control over Goldmine Bingo's operations, and played a substantial role in determining the compensation of plaintiff in her employment at Goldmine Bingo.

9. At times relevant hereto, defendant Ronald D. Strobo, individually and d/b/a Goldmine Bingo, employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief had gross revenues exceeding $500,000 per year.

10. Defendant Ronald D. Strobo is subject to, and not exempt from, the provisions of the FLSA.

11. At times relevant hereto, defendant W.D. Bass & Company, P.A. exercised operational control over both Bigtop Bingo's and Goldmine Bingo's operations in this district, and played a substantial role in determining the terms and conditions of plaintiff's employment at both Bigtop Bingo and Goldmine Bingo.

12. Defendant W.D. Bass & Company, P.A. is subject to, and not exempt from, the provisions of the FLSA.

13. At times relevant hereto, defendant William Perry exercised operational control over Goldmine Bingo's operations in this district, and played a substantial role in determining the terms and conditions of plaintiff's employment with both Bigtop Bingo and Goldmine Bingo.

14. Defendant William Perry is subject to, and not exempt from, the provisions of the FLSA.

15. At times relevant hereto, defendant 5147 Dogwood Charitable Group, Inc. Irrevocable Trust exercised operational control over Goldmine Bingo's operations in this district, and played a substantial role in determining the terms and conditions of plaintiff's employment at Goldmine Bingo. It also employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or

foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

16.     Defendant 5147 Dogwood Charitable Group, Inc. Irrevocable Trust is subject to, and not exempt from, the provisions of the FLSA.

17.     At times relevant hereto, defendant 93 Hood Charitable Group, Inc. Irrevocable Trust exercised operational control over Bigtop Bingo's operations in this district, and played a substantial role in determining the terms and conditions of plaintiff's employment at Bigtop Bingo.  It also employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

18.     Defendant 93 Hood Charitable Group, Inc. Irrevocable Trust is subject to, and not exempt from, the provisions of the FLSA.

### III.  Factual Allegations

19.     Plaintiff began working for Bigtop Bingo Inc. and Tracy Goodson prior to January, 2017.  At times pertinent hereto, she was jointly employed as an "employee" of Bigtop Bingo Inc. and Tracy Goodson within the meaning of the FLSA.

20.     Bigtop Bingo Inc. and Tracy Goodson owned/operated at least one

bingo hall in Northwest Florida, which operated under the name Bigtop Bingo and was located at 93 Hood Drive, Pensacola, Florida.

21. Bigtop Bingo and Tracy Goodson were at all times relevant hereto engaged in commercial activities and competed with other private businesses.

22. Throughout her employment with Bigtop Bingo Inc. and Tracy Goodson, plaintiff routinely worked in excess of 40 hours per week. Nevertheless, defendants failed to compensate her at the legally required rate for those overtime hours. In fact, plaintiff was specifically advised that any hours worked over 32 in a workweek were considered "volunteer time" for which she would not be compensated.

23. Accordingly, defendants Bigtop Bingo Inc. and Tracy Goodson also failed to pay her the minimum wages required under the FLSA.

24. In or around July 2018, defendant Tracy Goodson advised employees of himself and Bigtop Bingo, including plaintiff, that they would no longer be paid for <u>any</u> of the hours that they worked; instead, the only compensation they would receive would be in the form of tips received from patrons.

25. At or around this same time, Goodson also advised employees that at least some operational control regarding employment decisions would be vested in W.D. Bass & Company, P.A., which acted through Perry. Nevertheless, upon

information and belief, Goodson retained at least some operational control over employment decisions of those permitted to work at Bigtop Bingo.

26. Upon information and belief, thereafter W.D. Bass & Company, P.A. and Perry had the authority to receive, address, and handle complaints by/from individuals permitted to perform work at the premises of Bigtop Bingo.

27. Upon information and belief, at some point during plaintiff's employment at Bigtop Bingo, 93 Hood Charitable Group, Inc. Irrevocable Trust was formed, after which the operations at Bigtop Bingo were purportedly transferred to that entity, in whole or in part.

28. W.D. Bass & Company, P.A., and Perry, however, continued to act on behalf of and control 93 Hood Charitable Group, Inc. Irrevocable Trust. Moreover, Goodson also retained at least some operational control.

29. Moreover, while plaintiff was working for and jointly employed as an "employee" by Bigtop Bingo Inc.; Tracy Goodson individually and d/b/a Bigtop Bingo; W.D. Bass & Company, Inc.; William Perry; and 93 Hood Charitable Group, Inc. Irrevocable Trust, plaintiff was paid no wages for time spent working at Bigtop Bingo. Additionally, when plaintiff worked in excess of 40 hours in a workweek she was not paid overtime compensation.

30. Plaintiff began working for Ronald D. Strobo, individually and d/b/a Goldmine Bingo on or about July 1, 2019. At times pertinent hereto, she was an

"employee" of Ronald D. Strobo, individually and d/b/a Goldmine Bingo within the meaning of the FLSA.

31. Ronald D. Strobo owned/operated at least one bingo hall in Northwest Florida, which operated under the name Goldmine Bingo and was located at 5147 Dogwood Drive, Milton, Florida.

32. Ronald D. Strobo, individually and d/b/a Goldmine Bingo, was at times relevant hereto engaged in commercial activities and competed with other private businesses.

33. Throughout her employment with defendant Ronald D. Strobo, individually and d/b/a Goldmine Bingo, failed to pay plaintiff the minimum wages required under the FLSA.

34. Additionally, throughout her employment with Ronald D. Strobo, individually and d/b/a Goldmine Bingo, plaintiff routinely worked in excess of 40 hours per week. Nevertheless, defendants failed to compensate her at the legally required rate for those overtime hours.

35. Throughout her employment by Ronald D. Strobo, individually and d/b/a Goldmine Bingo, she was advised that at least some operational control regarding employment decisions was vested in W.D. Bass & Company, P.A., which acted through Perry. Nevertheless, upon information and belief, Strobo retained at least some operational control over employment decisions, including

compensation of those permitted to work at Goldmine Bingo.

36. Upon information and belief, W.D. Bass & Company, P.A. and Perry had the authority to receive, address, and handle complaints by/from individuals permitted to perform work at the premises of Goldmine Bingo.

37. At some point 5147 Dogwood Charitable Group, Inc. Irrevocable Trust was formed, after which the operations at Goldmine Bingo were purportedly transferred to that entity, in whole or in part.

38. W.D. Bass & Company, P.A., and Perry, however, continued to act on behalf of and control 5147 Dogwood Charitable Group, Inc. Irrevocable Trust Moreover, Strobo also retained at least some operational control.

39. While plaintiff was working for and jointly employed as an "employee" by Ronald D. Strobo, individually, and d/b/a Goldmine Bingo; W.D. Bass; William Perry; and 5147 Dogwood Charitable Group, Inc. Irrevocable Trust, plaintiff was paid no wages for time spent working at Goldmine Bingo. Additionally, when plaintiff worked in excess of forty hours in a workweek she was not paid overtime compensation.

40. Upon information and belief, defendants also failed to keep and preserve records of those employed by them and the wages, hours, and other conditions and practices of employment as required by 29 U.S.C. § 211(c).

### *IV. Count I -- Violation of Fair Labor Standards Act*
### *(Minimum Wages)*

41. Plaintiff realleges and incorporates herein paragraphs 1 through 40, above.

42. Defendants are subject to, and not exempt from, the provisions of the FLSA.

43. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff the required minimum wages.

44. Nevertheless, defendants failed to compensate her at the legally required wage.

45. Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

46. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

47. Moreover, plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages due; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief

to which she may be entitled.

### V.  Count II -- Violation of Fair Labor Standards Act
### (Overtime Compensation)

48.     Plaintiff realleges and incorporates herein paragraphs 1 through 40, above.

49.     Defendants are subject to, and not exempt from, the provisions of the FLSA.

50.     Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA.  Additionally, there were no exemptions under the FLSA which would be applicable to plaintiff.

51.     Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay overtime compensation for hours worked by plaintiff in excess of 40 hours in a workweek.

52.     Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay her overtime wages.  Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

53.     As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

54.     Moreover, plaintiff has had to retain an attorney in order to collect the

overtime wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

***Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.***

                                                Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
Richard D. Barlow, Esq.
Florida Bar Number:   0425176
ODOM & BARLOW, P.A.
1800 North "E" Street
Pensacola, Florida 32501
(850) 434-3527
email@odombarlow.com
Attorneys for Plaintiff